UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>FIDELITY WORKPLACE SERVICES LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-03941-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 12, 13 |

This is a breach of contract case relating to a pension plan. Dkt. No. 1-1. Plaintiff Timothy Smith originally filed the lawsuit in Alameda County Superior Court, and alleged claims for breach of contract and common counts of money had and received, and "an open book account for money due." *Id.* Defendants AT&T Services, Inc. and Fidelity Workplace Service LLC removed to this Court on the basis of complete preemption by the federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, *see* Dkt. No. 1 ¶¶ 7, 10. Smith did not seek a remand. Defendants ask to dismiss the complaint for failure to state a claim under Rule 12(b)(6) because the claims are preempted by ERISA, and barred by the statute of limitations. Dkt. Nos. 12, 13.[1] The parties' familiarity with the record is assumed, and the motion is granted with leave to amend.

**DISCUSSION**

The Court has detailed the standards for ERISA preemption in a recent case, *Javier v. Kaiser Found. Health Plan Inc.*, No. 20-CV-00725-JD, 2020 WL 5630020, at *2 (N.D. Cal. Sept.

---

[1] Defendants are represented by the same counsel and filed separate but substantively identical motions to dismiss and replies. *See* Dkt. Nos. 12, 13, 19, 20. For ease of citation, the Court refers to Dkt. Nos. 12 and 19. Going forward, defendants are directed to avoid duplicative filings to the fullest extent possible.

1    21, 2020), and that discussion is incorporated here.  Under ERISA, "state law claims may be

2    'completely' preempted, in which case they are treated as if brought under federal law, and so

3    there is federal subject matter jurisdiction over the claims."  *Id.* (citing *Beneficial Nat. Bank v.*

4    *Anderson*, 539 U.S. 1, 7-8 (2003) and *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987)).

5    Complete preemption and ordinary defensive preemption are different: "complete preemption is

6    about the Court's subject matter jurisdiction, while defensive preemption is about whether the

7    breach of contract claim is displaced by ERISA."  *Javier*, 2020 WL 5630020, at *2.

8          The Court has subject matter jurisdiction because Smith's claims are completely

9    preempted in that they could have been brought under Section 502(a)(1)(B) of ERISA, and

10   defendants' alleged actions "implicate 'no other legal duty.'"  *Id.* (citing *Aetna Health Inc. v.*

11   *Davila*, 542 U.S. 200, 210 (2004).  Section 502(a)(1)(B) provides that a civil action may be

12   brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his

13   plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits

14   under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The term "plan" means, among other

15   things, "an employee pension benefit plan."  29 U.S.C. § 1002(3).  Section 502(a)(1)(B) is

16   implicated here because Smith seeks to recover benefits allegedly due to him under the terms of

17   his wife's employee pension benefit plan.  Overall, "[t]here is also no duty implicated" by

18   defendants' conduct "independent of its duties under the plan," *Javier*, 2020 WL 5630020, at *2,

19   or a duty that might be said to have arisen "independently of ERISA or the plan terms," *Davila*,

20   542 U.S. at 212, and the only contract identified in the complaint is the "agreement to contribute"

21   pursuant to the pension plan.  *See* Dkt. No. 1-1, Ex. A. at 3.

22         The remaining question is whether the claims for breach of contract and common counts

23   are defensively preempted.  "When a claim is removed to federal court, the state law claim is

24   reconfigured as a federal ERISA cause of action under § 502(a).  Then, an analysis is undertaken

25   to examine whether the transformed cause of action conflicts with ERISA.  If so, it is preempted.

26   If not, it remains viable as a federal ERISA cause of action."  *Rudel v. Hawai'i Mgmt. All. Ass'n*,

27   937 F.3d 1262, 1269 (9th Cir. 2019).  Section 502 creates "a comprehensive scheme of civil

28   remedies to enforce ERISA's provisions," and "[a] state cause of action that would fall within the

scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme." *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005).

"Breach of contract claims arising out of the administration of an employee benefit plan," like the contract claim alleged in the complaint, "are preempted by ERISA." *Javier*, 2020 WL 5630020, at *2 (citing *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998), *as amended* (Aug. 3, 1998)). Smith's "breach of contract claim concerns the administration of an employee benefit plan, and does not fall within any exception." *Id.* at *3. Consequently, it is preempted by ERISA, and dismissal is warranted. *See Cleghorn*, 408 F.3d at 1227.

For the common counts, they are in effect "an alternative way of seeking the same recovery demanded" in the breach of contract claim on the same facts, and so they too must be dismissed. *See McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004). Smith offers no reason to conclude otherwise, and says only that "as a statutorily recognized beneficiary of his wife's ERISA plan, he has standing to make this claim." Dkt. No. 16 at 7. That does not bear on the question of preemption for purposes of dismissal.

## CONCLUSION

The state law claims are dismissed as preempted by ERISA. Dismissal on statute of limitations grounds is denied without prejudice to renewal as circumstances might warrant. *See Beier v. Int'l Bhd. of Teamsters*, No. 18-CV-06632-JD, 2020 WL 1929225, at *3 n.1 (N.D. Cal. Apr. 21, 2020) (limitations arguments "are rarely appropriate for resolution at the motion to dismiss stage," and "need not be reached based on the dismissal on other independent grounds."). Smith may file by March 22, 2022, an amended complaint that is consistent with this order. A failure to meet this deadline may result in dismissal of the case with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 1, 2022

_____
JAMES DONATO
United States District Judge