1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7        TIMOTHY SMITH,                               Case No.  21-cv-03941-JD

8                         Plaintiff,

                                                      **ORDER RE MOTION TO DISMISS**
9              v.                                      **AND PARTIAL STAY**

10       FIDELITY WORKPLACE SERVICES
         LLC, et al.,

11                        Defendants.

12

13           The Court dismissed plaintiff Timothy Smith's original complaint on preemption grounds,

14     with leave to amend.  Dkt. No. 33.  Smith filed a first amended complaint (FAC), which alleges

15     claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001,

16     *et seq.*, against defendants AT&T Services, Inc., and Fidelity Workplace Services LLC.  Dkt. No.

17     35.  Defendants have asked to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6).

18     Dkt. No. 39.  The parties' familiarity with the record is assumed, and the FAC is dismissed with

19     leave to amend.

20           The problem is that the FAC does not provide enough basic facts to plausibly allege an

21     ERISA claim.  Among other shortfalls, the FAC does not identify a plan that might be subject to

22     ERISA, or provide any facts indicating that Smith was a designated beneficiary of his wife's

23     contributions to a plan.  *See* 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3).  The FAC does not allege

24     facts indicating that Smith submitted a "claim for benefits" as a participant or beneficiary of an

25     ERISA-governed plan.  *See* 29 U.S.C. § 1133.

26           Overall, the FAC does not plausibly establish that Smith has a stake in the funds in

27     question.  It also does not plausibly allege that defendants did anything wrong.  In effect, the FAC

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    says only that approximately $21,318.43 was transferred out of Smith's wife's plan in 2008 for

2    unknown reasons.  Dkt. No. 35 at 2.  Nothing in the FAC pushes this transfer into the realm of an

3    ERISA violation, even assuming the statute applies, or any other wrongful conduct.  As the FAC

4    currently stands, it is equally probable that the transfer was proper, which is not enough for

5    purposes of Rule 8.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads

6    facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

7    possibility and plausibility of entitlement to relief.'") (quoting *Bell Atl. Corp. v. Twombly*, 550

8    U.S., 544, 557 (2007)).

9          It is also worth noting that, assuming ERISA applies, the FAC does not establish that

10   Smith exhausted his administrative remedies.  *See Vaught v. Scottsdale Healthcare Corp. Health*

11   *Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (plaintiffs generally must exhaustive administrative

12   remedies under the relevant benefit plan prior to bringing suit under ERISA).  And while statute of

13   limitations questions are typically not appropriate for resolution in a pleadings motion, *see* Dkt.

14   No. 33 at 3, the FAC should offer some facts explaining why Smith had no reason to believe he

15   was a beneficiary between his wife's death in 2007 and the notice he received from the Social

16   Security Administration (SSA) in 2020.  *See N. Cal. Retail Clerks Unions & Food Emps. Joint*

17   *Pension Tr. Fund v. Jumbo Mkts., Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990) (four-year statute of

18   limitations applies to ERISA claims).

19         The Court is sympathetic to Smith's likely feelings of surprise and concern after getting

20   the rather mysterious notice from the SSA.  Even so, the FAC cannot go forward in its present

21   posture, and so it is dismissed with leave to amend.  This will be the final opportunity to amend.

22   Alternatively, the parties may wish to put their pencils down and figure out a way to settle a claim

23   of approximately $21,000 without incurring more fees and attorney time.  A common-sense

24   settlement seems eminently attainable here.  Defendants should consider running Smith's wife's

25   name through their benefit and contribution plan databases to determine whether she was a

26   participant, and if so, what happened to her account.  The Court is not ordering this step at this

27   time, but it would seem to be a reasonable and humane thing to do in this situation.

28

2

1  Smith may file an amended complaint by January 31, 2023.  The amended complaint must

2 be consistent with this order and may not add any new claims or parties without the Court's prior

3 approval.  Failure to amend by the deadline will result in dismissal under Federal Rule of Civil

4 Procedure 41(b).  The case is stayed in all other respects pending further order.

5  **IT IS SO ORDERED.**

6 Dated:  January 11, 2023

                        JAMES DONATO
                        United States District Judge

United States District Court
Northern District of California

3