UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>FIDELITY WORKPLACE SERVICES LLC, et al.,<br><br>   Defendants. | Case No.  21-cv-03941-JD<br><br>**ORDER RE MOTION TO DISMISS** |

The Court dismissed plaintiff Timothy Smith's first amended complaint (FAC) with leave to amend because it did not provide enough facts to plausibly allege a claim under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.* Dkt. No. 50. Smith filed a second amended complaint (SAC) with little in the way of changes. Dkt. No. 51.

Defendants Fidelity Workplace Services LLC and AT&T Services, Inc. asked to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 54. The parties' familiarity with the record is assumed, and the SAC is dismissed without prejudice.

**DISCUSSION**

In the prior order of dismissal, the Court concluded that the FAC did not adequately allege that Smith had submitted a claim for benefits under his wife's pension plan and exhausted the plan's administrative remedies, or that the defendants had violated ERISA in any way. Dkt. No. 50 at 1-2. The Court also advised that "the FAC should offer some facts explaining why Smith had no reason to believe he was a beneficiary between his wife's death in 2007 and the notice he received from the Social Security Administration (SSA) in 2020." *Id.* at 2. This information would help explain why Smith's claim had surfaced so many years after his wife's passing.

The SAC does not meaningfully address the Court's concerns. The SAC added a few short sentences to the effect that Smith "contends" he is a beneficiary to his wife's AT&T Success

Sharing Plan (SSP) under Plan Number 20021, and that Fidelity has all the information pertinent to Smith's claim. Dkt. No. 51 at 1-2. These cursory additions do not provide the facts that were missing in the prior complaint, particularly with respect to exhaustion. So too for a paragraph captioned "Delayed Discovery Rule," which simply repeats the statement in the prior complaint that Smith did not learn about the benefits until 2020. *Id.* at 2. Overall, the SAC did not provide anything in the way of facts that might be responsive to the shortfalls detailed in the prior dismissal order.

The brief filed by Smith's attorney in opposition to the motion to dismiss did not shed any additional light. To start, the brief was filed late despite an extension granted by the Court. *See* Dkt. No. 53 (deadline extended to March 21, 2023); Dkt. No. 57 (opposition brief filed March 22, 2023). In addition, the brief was nearly identical in content to a brief that Smith filed in June 2022 in response to a motion to stay discovery. *See* Dkt. No. 46. Nothing new was presented.

Smith has had ample opportunity to plausibly allege a claim. Nothing in the record indicates that further amendment would be productive in any way. Consequently, the SAC is dismissed without prejudice, and the case is ordered closed. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended.") (citation omitted).

**IT IS SO ORDERED.**

Dated: June 13, 2023

JAMES DONATO
United States District Judge